IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TONY MITCHELL SIMON, et al.,

    Plaintiffs,

  v.

THE KAISER PERMANENTE HOSPITALS, et al.,

    Defendants.
                                      /

No. C 06-03913 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS LEAVE TO AMEND**

Defendant Secretary of the Department of Labor of the United States and the Kaiser defendants[1] have filed motions to dismiss the complaint currently scheduled for a hearing on November 17, 2006. Pursuant to Civil Local Rule 7-1(b), the Court finds the motions suitable for resolution without oral argument and therefore VACATES the November 17, 2006 hearing. Having considered the parties' papers, and for the reasons set forth below, the Court makes the following rulings:

1.     The motion by defendant Secretary of the U. S. Department of Labor to dismiss the complaint against the Secretary of Labor is GRANTED without leave to amend;

2.     The motion by defendant Kaiser Permanente Hospitals to dismiss the complaint against the Hospitals is GRANTED with leave to amend;

3.     The motion by all Kaiser defendants to dismiss the second cause of action is GRANTED without leave to amend; and

4.     The motion by all Kaiser defendants to dismiss the third cause of action is GRANTED with leave to amend .

**Any amended complaint must be filed by November 29, 2006.**[2]

---

[1] The Kaiser defendants include The Kaiser Permanente Hospitals, Kaiser Permanente Retirement Plan, and the Administrative Committee of the Kaiser Permanente Employee Pension Plan Supplement to Kaiser Permanente Retirement Plan.

[2] The Kaiser defendants did not move to dismiss the first cause of action, and their motion states that they intend to file a motion for summary judgment on that claim.

## BACKGROUND

According to the complaint, plaintiffs Tony Mitchell Simon, Emmanuel Simon, and Charles G. Simon (collectively "plaintiffs") are the sons, heirs and beneficiaries of the estate of Zeola Smith. Smith was an active employee of Kaiser Permanente Hospitals at the time of her death on February 2, 2004. Smith had a defined benefit Kaiser Permanente Retirement Plan while employed. On April 26, 2004, plaintiff Emmanuel Simon applied for survivors benefits under the Plan on behalf of himself and his brothers, plaintiffs Tony Mitchell and Charles S. Simon. Plaintiff Emmanuel Simon alleges he was eligible to receive benefits because he "resided in full-time, permanent residency and dependency with the plaintiffs' mother." Compl., 4:19-20. The plaintiffs' claim for survivor benefits and their subsequent appeal were denied by the Plan's Administrative Committee on the grounds that none of the plaintiffs met the definition of a "qualified dependent." *Id*., 5:14-5.[3]

On June 23, 2006, plaintiffs filed a complaint under Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001 *et seq*., for alleged wrongful denial of benefits under an ERISA plan. The First Cause of Action alleges that defendants breached the contract for employment benefits. The Second Cause of Action is a conversion claim alleging that defendants wrongfully dispossessed the plaintiffs of benefits due under ERISA. The Third Cause of Action alleges that defendants breached their fiduciary duty to plaintiffs.

## LEGAL STANDARD

**1.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78,

---

[3] After Smith's death, plaintiffs applied for survivor benefits under the plan. Their claim and subsequent appeal was denied by the plan's administrator on the grounds that Smith died without electing a distribution plan and plaintiffs were neither her surviving spouse nor qualified dependents. Compl., 4:27-5:26.

2

114 S. Ct. 1673, 1675 (1994) (citation omitted); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

**2.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)).

**DISCUSSION**

**1.     The Secretary's Motion to Dismiss**

Plaintiffs seek a declaration ordering the Secretary of the Department of Labor to review the plan for conflicts of interest and to clarify plaintiffs' rights under the plan. Defendant Secretary moves to dismiss the complaint pursuant to Rule 12(b)(1) because this Court does not have jurisdiction over

3

claims against the Secretary because the Secretary is entitled to sovereign immunity.

It is well settled that the United States is a sovereign entity and may not be sued unless it has expressly waived immunity and consented to be sued. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). The federal government has only waived its sovereign immunity in one provision in ERISA. *See* 29 U.S.C.S. § 1132(k); *see also Shanbaum v. U.S.*, 32 F.3d 180, 182 (3rd Cir. 1994). Section 1132(k) permits three types of a suits against the Secretary by a beneficiary of a retirement benefit plan: (1) actions to review a final order of the Secretary; (2) actions to "restrain the Secretary from taking any action contrary to the provisions of this Act"; and (3) actions to compel the Secretary to take action "required under this subchapter." 29 U.S.C.S. § 1132(k).

The Secretary argues that it is not required to review pension plans for conflicts of interest; therefore, the narrow waiver in Section 1132(k) is not applicable. The Secretary further argues that it does not have the authority to grant plaintiffs the declaratory relief they seek because the Secretary's authority to take enforcement measures is limited to losses on the plan, and not, as here, losses suffered by the beneficiaries. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

The Court finds that plaintiffs' claim for declaratory relief directing the Secretary to review the Kaiser plans for conflict of interest does not fall within Section 1132(k)'s narrow waiver of sovereign immunity. Plaintiffs' reliance on Section 1132(a)(1)(B) is unavailing because that section only determines who may bring a cause of action, not who civil actions may be brought against. It is clear that the Secretary is not required to review the Kaiser plans for conflicts of interest. Where ERISA does not contain mandatory language, "no action will lie against the government actor for failure to act." *Reich v. Valley Nat'l Bank*, 837 F. Supp. 1259, 1292 (S.D.N.Y. 1993). Where a defendant is entitled to sovereign immunity, amendment of the complaint is futile. *See Balser v. Department of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). **Accordingly, this Court GRANTS the Secretary's motion and dismisses plaintiffs' claims against the Secretary without leave to amend..**

**2.      Kaiser Defendants' Motion to Dismiss**

      **a.      Kaiser Permanente Hospitals as a Defendant**

Defendant Kaiser Permanente Hospital, Zeola Smith's employer, moves to dismiss the complaint

4

as against it on the ground that it is an improper defendant. Kaiser Permanente Hospital argues that since the hospital is neither the benefit plan or the designated administrator, plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs argue that Kaiser Permanente Hospital should not be dismissed because it is a necessary party to the lawsuit as its rights might be significantly affected by this lawsuit.

Section 1132(d)(1) authorizes actions to recover benefits against the plan as an entity ("an employee benefit plan may sue or be sued under this title as an entity") and Section 1132(a)(1)(B) authorizes actions against the plan's administrator. *See Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir. 1990) (holding that inclusion of employer was improper in ERISA suit to recover benefits); *Everhart v. Allmerica Financial Life, Ins., Co.,* 275 F.3d 751, 754 (9th Cir. 2001), citing *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir. 1988) (an employer is not a proper defendant in an action for benefits under ERISA unless the employer is shown to control the administration of the plan). As Smith's employer, Kaiser Permanente Hospitals cannot be sued under ERISA unless Kaiser Permanente Hospitals controlled the administration of the plan. **The complaint does not allege that Kaiser Permanente Hospitals controlled the plan; accordingly, plaintiff's complaint is dismissed with leave to amend as to Kaiser Permanente Hospitals.**

### b.  Conversion

The Kaiser defendants argue that this Court should dismiss the Second Cause of Action for conversion because it is preempted by ERISA. Plaintiffs argue that the pension plan vested at the time of their mother's death and has been wrongfully withheld from them. Plaintiffs do not dispute that the conversion claim is preempted; however, plaintiffs urge this Court to construe their claim liberally "as a statement of the violations of federal prohibitions under ERISA by [sic] vested at the time of the death of the deceased [and] have been wrongfully withheld from them." Opp., 4:26-5:2.

Generally, state laws are preempted by ERISA (1) where there is an "employee benefit plan" as defined by ERISA and (2) the state law "relates to" the ERISA plan. *See* 29 U.S.C. § 1144(a) ("the provision of this title . . . shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan"); *see also Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998);

*Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1069 (9th Cir. 2005) (ERISA "preempts state law claims that 'relate to' an employee benefit plan."). Here, plaintiffs seek remedies based upon alleged conversion by defendants and the policy at issue is an employee benefit plan. Because adjudication of the conversion claim would necessarily depend upon interpretation of the plan, the conversion claim relates to a plan governed by ERISA. *See Providence Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (reasoning that when evaluating whether the claim relates to a plan governed by ERISA, the "focus is whether the claim is premised on the existence of an ERISA plan"). **Accordingly, plaintiffs' conversion claim is preempted by ERISA and therefore is dismissed without leave to amend.**

### b. Breach of Fiduciary Duty

Defendants argue that plaintiffs' claim for breach of fiduciary duty should be dismissed because it is really a claim for benefits and would be properly brought under ERISA. Defendants further argue that even if the claim had been properly pled under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), the damages sought are not available under an ERISA breach of fiduciary duty claim.[4]

A claim for benefits that is couched as a breach of fiduciary duty claim must be treated as a claim for benefits under ERISA. *See generally Everhart,* 275 F.3d 751. Section 1132(a) authorizes a beneficiary to bring a civil action to recover benefits due under the plan or to enforce rights under the plan. "[Beneficiaries] . . . are authorized to bring actions for appropriate relief for breach of fiduciary duty . . ." *Toumajian*, 135 F.3d at 656. However, Section 1132(a)(3) does not permit a suit for monetary damages. *See Mertens*, 508 U.S. at 257-58; *see also Varity Corp. v. Howe,* 516 U.S. 489 (1996) (noting that relief under Section 1132(a)(3) is limited to equitable relief); *McLeod v. Oregon Lithoprint, Inc.,* 102 F.3d 376, 378 (9th Cir. 1996) (holding that money damages do not qualify as 'equitable relief' within the meaning of Section 1132(a)(3)). As currently pled, plaintiffs appear to be seeking monetary damages, which they cannot do under this section, and thus they have not stated a claim upon which

---

[4] It is unclear what kind of damages plaintiffs seek. In the complaint, plaintiffs seek damages "in an amount to be proven at trial." Compl., 12:5-6. In their opposition, plaintiffs seek "a determination of whether or not administrators as fiduciaries under the Kaiser Permanente Plan and the Kaiser Permanente Employees Pension Plan Supplement to Kaiser Permanente Retirement Plan have violated the law under ERISA." Opp., 6:2-5.

6

relief can be granted.  **Accordingly, the third cause of action is dismissed with leave to amend.**

## CONCLUSION

For the foregoing reasons:

1. The motion by defendant Secretary of the U. S. Department of Labor to dismiss the complaint against the Secretary of Labor is GRANTED without leave to amend;

2. The motion by defendant Kaiser Permanente Hospitals to dismiss the complaint against the Hospitals is GRANTED with leave to amend;

3. The motion by all Kaiser defendants to dismiss the second cause of action is GRANTED without leave to amend; and

4. The motion by all Kaiser defendants to dismiss the third cause of action is GRANTED with leave to amend .

Any amended complaint must be filed by November 29, 2006.  If plaintiffs choose not to amend the complaint, this case will proceed on plaintiffs' first cause of action against the Kaiser Plan defendants only.

**IT IS SO ORDERED.**

Dated: November 15 , 2006

SUSAN ILLSTON
United States District Judge